

June 5, 2023

**VIA E-FILING**
The Honorable Gregory B. Williams
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

      Re:    *SurgeTech, LLC v. Uber Technologies Inc.* (C.A. No. 22-cv-882-GBW)

Dear Judge Williams:

Pursuant to the procedure set forth in the Scheduling Order for motions to strike (D.I. 34 ¶ 6), Uber Technologies, Inc. ("Uber") respectfully requests that the Court strike portions of the Declaration of Dieter Hotz ("Hotz Declaration"), submitted in support of the claim construction *reply* brief of Plaintiff SurgeTech, LLC ("SurgeTech").

**Factual Background**

In this case, SurgeTech asserts every claim—46 in total—across the three asserted patents. Pursuant to the Scheduling Order, the parties identified terms for construction and proposed constructions, and had two separate meet and confers to discuss their proposals. Despite the number of asserted claims, the parties only dispute six non-means-plus-function terms. However, there are 18 means-plus-function terms requiring construction.

SurgeTech served its opening claim construction brief on April 14, 2023. SurgeTech did not serve any expert declaration with its opening brief, nor did it provide any intention that it would rely on expert testimony for any term. With respect to the numerous disputed means-plus-function limitations, SurgeTech provided two short charts that merely identified the claim term in one column and identified citations that allegedly contained "linking/associating language." SurgeTech made no effort to explain, much less through expert testimony, how the string cites relate to the function of each claim limitation.

Uber served its answering claim construction brief on May 12, 2023. Uber submitted an expert declaration of Dr. Steven Kursh in support of its brief; Dr. Kursh's declaration focused on a single term that Uber contends is indefinite ("in near real time"). For the remaining indefinite terms, the four other non-means-plus-function terms, and the 18 means-plus-function terms, Uber did not rely on any expert testimony. Among other things, Uber's answering brief criticized SurgeTech for its limited review of the 18 means-plus-function elements and its deficient attempt to link its proposed corresponding structure to the claimed functions.

SurgeTech took the deposition of Dr. Kursh on May 25, 2023.

SurgeTech served its reply claim construction brief on May 26, 2023. Accompanying its brief, SurgeTech submitted a 110-page declaration from Dieter Hotz. SurgeTech's submission of Mr.

Hotz's declaration is the first indication that SurgeTech intended to rely on any expert testimony for claim construction.

Instead of addressing the single indefinite term for which Uber offered expert testimony ("in near real time"), Mr. Hotz' 110-page declaration addresses *every* disputed term—all six non-means-plus-function terms as well as the 18 means-plus-function terms. *See* Exhibit 1 (Hotz Declaration, attached as Ex. J to SurgeTech's reply brief). Indeed, his analysis of "in near real time"—again, the single term addressed by Uber's expert—spans just over a single page. *See id.* at 16–17. Even including his analysis of a related term, "in real time,"[1] the total analysis that is arguably in response to the expert testimony offered by Uber covers approximately five of the 110 pages in Mr. Hotz's declaration. Indeed, *over 90 pages* of Mr. Hotz' declaration are directed to the means-plus-function terms. *Id.* at 19–109.

The parties conferred on Wednesday, May 31, after which the parties stipulated to extend the deadline for Uber's sur-reply brief to June 23 to allow the parties more time to confer. The parties conferred again on Monday, June 5, but were unable to reach agreement

**Argument**

SurgeTech should not be permitted to belatedly rely on expert testimony for every disputed term in its reply brief. Indeed, D. Del. LR 7.1.3(c)(2) prohibits sandbagging an opponent with new reply brief material like SurgeTech has done here. The appropriate remedy is to strike the declaration. *See Laboratory Skin Care, Inc. v. Limited Brands, Inc.*, 757 F.Supp.2d 431, 439 (D. Del. 2010) (excluding portions of expert declaration relying on file wrapper where Defendant reserved the material for their reply in violation of D. Del. LR 7.1.3(c)(2)); *INVISTA North America S.a.r.l. v. M & G USA Corp.*, 2013 WL 3216109, at *3 (D. Del. June 25, 2013) (striking portions of declaration under D. Del. L.R. 7.1.3(c)(2)).

The Court set the claim construction briefing deadlines and word limits so that the parties can present their arguments in an orderly manner and so that each party can fairly address its opponent's arguments. While SurgeTech was allotted 5,000 words for each of its opening and reply briefs, Uber was allotted 7,500 words (and four weeks) for its answering brief and 2,500 words (and two weeks) for its sur-reply brief. D.I. 34 ¶ 9. This allocation makes sense only if the patentee completely presented its arguments in its opening brief, including with any expert support. Holding back over 100 pages of expert-related opinion until reply prejudices Uber's ability to respond to SurgeTech's arguments and, as a result, the Court should strike the declaration. *See Dasso International, Inc. v. Moso North America, Inc.*, 2021 WL 3476197, at *16 (D. Del. July 25, 2021) ("The contents of the Shmulsky declaration were known to MOSO when it filed its opening brief, and thus, MOSO cannot raise arguments in response to it for the first time in its reply brief.").

---

[1] Although Uber does not rely on its expert for the construction of "in real time," which is also disputed, Uber's expert, Dr. Kursh, discusses the meaning of "in real time" in his declaration to inform his opinions of "in near real time."

If SurgeTech wanted to rely on expert testimony to support every one of its constructions, it could have—and should have—submitted an expert declaration with its opening brief.  *See* D. Del. LR 7.1.3 (c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief.")  Had SurgeTech done so, Uber would then have had time to analyze that testimony, take the deposition of SurgeTech's expert, provide any needed responsive expert opinions, and present its arguments appropriately in its 7,500-word answering brief.  Because SurgeTech did not do so, SurgeTech seeks to force Uber to respond to over 100 pages of new expert analysis, take Mr. Hotz's deposition, and fit the response to these new arguments in 2,500 words.  Indeed, it was only after Uber's criticism of its meager attempt to address the means-plus-function elements did SurgeTech, in a clear attempt to circumvent the word-limit requirements, offer over 90 pages of analysis on those terms alone.

Moreover, the 90 pages of the declaration devoted to the means-plus-function terms is an improper attempt to circumvent the reply brief page limits.  The reply brief does not set forth the material in the declaration but instead repeatedly incorporates chunks of the declaration typically spanning at least five (5) pages to support a single conclusory sentence in the brief.  *See* SurgeTech LLC's Reply Claim Construction Brief attached as Exhibit 2 at 12-16.  This tactic is prohibited and independently warrants striking the declaration. *See Intel Corporation v. Future Link Systems, LLC*, 2016 WL 6089746, at *15 (D. Del. Sept. 28. 2016); *Monec Holding AG v. Motorola Mobility, Inc.*, No. 11-798-LPS-SLR, 2014 WL 4402825, at *1 (D. Del. Sept. 5, 2014) (collecting cases).

Accordingly, Uber respectfully requests that the Court strike the Declaration of Dieter Hotz, at least as to those portions not responsive to any expert testimony provided by Uber.  Specifically, Uber requests that the Court strike paragraphs 32–53 and 71–354.

Uber also respectfully request that the Court expedite the briefing of this motion to strike, so that Uber may know the scope of evidence to which it must respond to prepare its sur-reply due on June 23.  Uber therefore requests that SurgeTech's opposition letter be due on Thursday, June 8, and Uber's reply letter due on Sunday, June 11.

        Respectfully submitted,

        /s/ Brian E. Farnan

        Brian E. Farnan (Bar No. 4089)

cc:  Counsel of Record (via E-File)