MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

JEREMY A. TIGAN
(302) 351-9106
jtigan@morrisnichols.com

June 8, 2023

The Honorable Gregory B. Williams                    *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    *SurgeTech, LLC v. Uber Technologies, Inc.*; C.A. No. 22-882 (GBW)

Dear Judge Williams:

      Plaintiff SurgeTech, LLC ("SurgeTech") respectfully submits this letter in opposition to Uber Technologies, Inc. ("Uber")'s motion to strike (D.I. 86, 87) the declaration of Dieter Hotz (the "Hotz Declaration"), submitted with SurgeTech's reply on claim construction.[1]  The Hotz Declaration was appropriately responsive to Uber's arguments in its answering claim construction brief.  Uber argued in its answering brief that nine claim terms are indefinite (including seven means-plus-function ("MPF") terms).  The law is clear that Uber bears both the burden of production and persuasion to prove, by clear and convincing evidence, that the terms are indefinite.  This burden never shifts.  The declaration that Uber seeks to strike is primarily responsive to those positions and other positions that were detailed for the first time in its brief, and is therefore properly submitted with SurgeTech's reply.

**Background**

      The parties filed their Joint Claim Construction Chart ("JCCC") on March 24, 2023.  D.I. 63.  Uber had challenged in the JCCC nine terms as indefinite (including seven terms that the parties agree are MPF terms).  Uber provided no explanation in the JCCC as to its indefiniteness theories, stating only that those nine terms are "indefinite."  The JCCC position is commensurate with the level of detail Uber provided during the meet and confer process.

      Pursuant to the Court's Scheduling Order (D.I. 34), each party has two rounds of briefing on claim construction:  SurgeTech is allotted 5,000 words for each of its opening and reply briefs, and Uber was allotted 7,500 words for its answering brief and 2,500 words for its sur-reply brief.

---

[1] The Hotz Declaration is attached hereto as Exhibit A.

The Honorable Gregory B. Williams
June 8, 2023
Page 2

SurgeTech served its opening brief on April 14, 2023.[2] Because Uber bears the burden to prove indefiniteness, SurgeTech expressly reserved the right to respond in its reply brief to any argument Uber makes with respect to the corresponding structure identified by SurgeTech.[3] For the MPF terms where Uber disputed in the JCCC that the structures SurgeTech identified are corresponding, SurgeTech identified evidence from the specification that links or associates the structures it identified to the recited function. Op. Br. 16-17.

Uber served its responsive brief on May 12, 2023.[4] For the seven MPF terms Uber contends are indefinite, it argues in the responsive brief that the structures SurgeTech identified did not disclose "a step-by-step procedure for how the entire function is performed." Resp. Br. 19-22. For the seven other MPF terms Uber contended in the JCCC that structures identified by SurgeTech are not corresponding, it argues in the responsive brief that those structures do not correspond to the recited function, discuss certain claim elements, or provide any algorithmic structure for performing certain steps. Resp. Br. 15-19. Uber further submitted an expert declaration from Dr. Steven R. Kursh to address one term that Uber contends is indefinite: "in near real time." SurgeTech took the deposition of Dr. Kursh on May 25, 2023.

In support of its reply served on May 26, 2023,[5] SurgeTech submitted the Hotz Declaration to address Uber's claim construction positions, including the terms Uber contends are indefinite and the other MPF terms where Uber disputes the corresponding structure identified in SurgeTech's opening brief. Hotz Decl. ¶¶66-76, 80-354.

The parties conferred regarding the current motion to strike on May 31, after SurgeTech agreed to extend the deadline for Uber's sur-reply brief to June 23. The parties conferred again on June 5 and were unable to reach agreement. On the same day, Uber filed a motion to strike portions of the Hotz Declaration that are not responsive to any expert testimony provided by Uber (D.I. 86, 87) as well as a motion to expedite the briefing on the motion to strike (D.I. 88). The Court granted Uber's motion to expedite on June 7, and ordered that Uber's sur-reply shall be filed two weeks after the motion to strike is resolved. D.I. 90.

**Argument**

1. **Local Rule 7.1.3.(c)(2) Is Inapplicable Because Uber Has The Opportunity To Respond To The Hotz Declaration.**

As a threshold matter, SurgeTech's submission of the Hotz Declaration did not violate D. Del. LR 7.1.3.(c)(2). That rule was designed to prevent a moving party from strategically raising new materials on a reply to deprive the opposing party of "a full and fair opportunity to respond." *See Wilmot v. Marriott Hurghada Mgmt., Inc.*, 712 F. App'x 200, 204 (3d Cir. 2017); *Dasso Int'l,*

---

[2] SurgeTech's claim construction opening brief is attached hereto as Exhibit B.
[3] SurgeTech Op. Br. at 11 ("Although Surgetech has identified corresponding structure, Uber has yet to articulate any argument regarding the identified structure. Surgetech will respond in Reply once Uber has set forth its argument.")
[4] Uber's claim construction answering brief is attached hereto as Exhibit C.
[5] SurgeTech's claim construction reply brief is attached hereto as Exhibit D.

The Honorable Gregory B. Williams
June 8, 2023
Page 3

*Inc. v. Moso N. Am., Inc.*, 2021 WL 3476197, at *16 (D. Del. July 25, 2021), *report and recommendation adopted*, WL 4427168 (D. Del. Sept. 27, 2021) ("Because plaintiffs were **not given the opportunity to respond** to these arguments, the court declines to consider them.") (emphasis added). The case law Uber cites, however, does not involve situations where a sur-reply is provided for a responding party. Here, as Uber acknowledges (Ltr. 2), a sur-reply is already provided. Thus, Uber can respond to the points raised in the Hotz Declaration. *Wilmot,* 712 F. App'x at 204 (court properly considered new material raised on reply because opposing party "was offered a full and fair opportunity to respond to the [new argument] in his sur-reply"); *Knights of Columbus Star of Sea Council 7297 v. City of Rehoboth Beach, Del.*, 506 F. Supp. 3d 229, 234 (D. Del. 2020) ("Any prejudice … was fully cured by permitting Defendants to file a sur-reply brief and by hearing fully from both sides during oral argument.")

### 2. The Hotz Declaration Properly Responds To Positions In Uber's Responsive Brief.

The Hotz Declaration merely responds to positions raised in Uber's answering claim construction brief, and is thus timely submitted. *Wilmot v. Marriott Hurghada Mgmt., Inc.*, 2016 WL 2599092, at *4 (D. Del. May 5, 2016), *report & recommendation adopted*, 2016 WL 3457007 (D. Del. June 22, 2016), *aff'd*, 712 F. App'x 200 (3d Cir. 2017) ("arguments in a reply brief responsive to positions and new information raised in an opposition brief do not violate D. Del. LR 7.1.3(c)(2)") (emphasis added). Moreover, it is common for plaintiff-patentee to submit an expert declaration in a claim construction reply to address positions raised in the defendant's answering brief. *See Pfizer Inc. v. Apotex Inc.*, C.A. No. 18-795, D.I. 51, 49-58, 69-71 (D. Del. June 7, 2019) (responding to defendant's indefiniteness arguments with an expert declaration submitted in connection with the reply brief); *Otsuka Pharm. Co., Ltd. v. Zenara Pharma Private Ltd.*, C.A. No. 19-1938, D.I. 92, at 33-50 (D. Del. June 4, 2021) (same); *Gentex Corp. v. Galvion Ltd.*, C.A. No. 19-921-MN, D.I. 111, 8-11, 18-20 (D. Del. Jan. 27, 2021) (same).

***Paragraphs 66-76 (non-MPF) and 77-218 (MPF) are responsive to Uber's indefiniteness positions.*** It is Uber's burden to prove indefiniteness by clear and convincing evidence. *Bosch Auto. Serv. Solutions, LLC v. Matal*, 878 F.3d 1027, 1040 (Fed. Cir. 2017), *as amended on reh'g in part* (Mar. 15, 2018), Case No. 15-1928 (Fed. Cir. Dec. 22, 2017) ("We have previously held that a party challenging patent validity on indefiniteness grounds carries the burden of proof."); *Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1249–50 (Fed. Cir. 2008) (accused infringer must show indefiniteness by "by clear and convincing evidence"). Uber may argue in reply that it met this burden by informing SurgeTech during meet and confers that it intended to argue that the claims are indefinite. But Uber did not explain its bases for indefiniteness nor set forth its arguments during the meet and confer. Requiring SurgeTech to divine the details of Uber's defenses and rebut those arguments without knowing the full contours of Uber's positions would improperly shift the burden to SurgeTech to prove definiteness based on incomplete information. Uber provided very little detail on the meet and confers regarding the positions in its answering brief.[6] During those meet and

---

[6] There are many different flavors of indefiniteness that Uber may have addressed in its brief—it may, for example, have argued that the terms, while definable, are subjective and therefore indefinite. It may have argued that the terms are incapable of being defined. *Intell. Ventures I LLC*

The Honorable Gregory B. Williams
June 8, 2023
Page 4

confers, Uber provided no case support for its positions and certainly no details beyond the summary assertion that the claims were indefinite. The JCCC is of no help either, as Uber simple states that the claims are "indefinite," with no analysis or support. And even if Uber argues it provided sufficient details during the meet and confer, SurgeTech would still be left in the impossible position of memorializing a short conversation and then rebutting its interpretation of Uber's arguments, rather than the arguments themselves. Indeed, SurgeTech anticipated this issue arising in its opening claim construction brief, and expressly stated that it would rebut Uber's positions on indefiniteness when it was apprised of its positions in its answering brief.

The majority of the Hotz declaration respond to Uber's indefiniteness positions. Uber argues that the seven MPF terms are indefinite because the structures SurgeTech identified do not perform the recited function step-by-step. Resp. Br. 20-22. The Hotz Declaration explains how the structure identified by SurgeTech fully discloses how the steps to perform the recited is linked to the function. Hotz. Decl. ¶¶80-218. For the non-MPF term "adjusting … a price," Uber argues in its responsive brief that the term can require multiple price adjustments and adjusting multiple prices based on the claims' differing descriptions. Resp. Br. 11-13. The Hotz Declaration merely responds that the term only requires "adjusting a price" in its plain text regardless of how inventory is allocated to each channel. Hotz Decl. ¶¶71-76.[7]

***Paragraphs 219-354 are responsive to Uber's arguments that the structures SurgeTech identified are not "linked" to the recited function.*** Again, for the seven MPF terms that the parties agree are definite, Uber never explained in the JCCC why it SurgeTech' s structure could not be "corresponding" structure. On the parties' meet and confers Uber suggested that SurgeTech's structures are not associated with the recited function, *i.e.*, there is no "linking" language in the specification to associate the structures to the recited function, or that the structure was not capable of fully performing the function. Uber did not specify which portions of the function the structure was incapable of performing, or even which specific structure it was referring to. To address this assertion, SurgeTech identified portions of the specification that clearly linked the structure to the claimed function. Op. Br. 12-14.

Uber then argues in its responsive brief that the evidence SurgeTech identified in the opening brief is insufficient, because it does not show how the structures correspond to the recited function, discuss certain claim elements, or provide any algorithmic structure for performing certain steps. Resp. Br. 15-19. In response, the Hotz Declaration explains that each of the additional structure identified disclose an algorithm to perform the steps challenged by Uber. Hotz. Decl. ¶¶219-354.

---

*v. T-Mobile USA, Inc.*, 902 F.3d 1372, 1381 (Fed. Cir. 2018) (terms that are "entirely subjective and user-defined" are indefinite and invalid); *Interval Licensing LLC v. AOL, Inc.,* 766 F.3d 1364 (Fed. Cir. 2014); *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 789 F.3d 1335, 1340–41 (Fed. Cir. 2015) (claims are indefinite if they "fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention").

[7] Uber does not seek to strike paragraphs 54-71 of the Hotz Declaration.

The Honorable Gregory B. Williams
June 8, 2023
Page 5

*Paragraphs 30-76 are responsive to Uber's unsupported statements on the ordinary meaning of claim terms.* Uber provided argument in its answering brief on the meaning of several non MPF terms. As the meaning of claim terms is through the eyes of a person of ordinary skill in the art, Dr. Hotz provided testimony as to how such a person would view those terms. *See* Hotz. Decl. ¶¶33-40 (responding to Uber's position that permissive example should be included and whether a person of ordinary skill in the art would view that the patentee intended to limit "inventory" to items that are sold); ¶¶41-48 (responding to Uber's position that certain citations to the specification provide alternative definitions of "distribution channel"); ¶¶49-53 (responding to Uber's position that "performance rating" is limited to how items are being sold or have been sold because the "performance rating" is calculated by processing "sale data").

### 3. There Is No Undue Prejudice To Uber's Ability To Respond To the Hotz Declaration.

Furthermore, there is no undue prejudice to Uber in responding to the Hotz Declaration. If Uber's position is that its needs more time and length for the sur-reply to adequately address various points Mr. Hotz made in his declaration, SurgeTech is willing—and has already agreed to—expand the time and word count for Uber's sur-reply.[8] Uber was already afforded *four* weeks to analyze SurgeTech's reply brief, the supporting Hotz Declaration, and seek deposition of Mr. Hotz. And the Court has now afforded Uber two weeks to submit its reply brief after a decision on this Motion (D.I. 90) ensuring sufficient time to address these.[9] To the extent Uber has argued prejudice because of the word limit, SurgeTech has indicated it will agree to up to 1,000 extra words for Uber's sur-reply. Similarly, as to the allegation that SurgeTech circumvented its reply page limits, this argument is without merit.[10] And any prejudice to Uber can be mitigated by the fact SurgeTech would not object to an appropriately responsive expert declaration submitted by Uber to support its sur-reply.

For the foregoing reasons, Uber's motion to strike should be denied.

---

[8] The parties stipulated to a two-week extension for Uber's sur-reply. D.I. 85. In its opposition to Uber's motion to expedite, SurgeTech also indicated it will agree to up to 1,000 extra words for Uber's sur-reply. D.I. 89.

[9] SurgeTech had two weeks to address the Kursh Declaration and deposing Dr. Kursh to respond to Uber's responsive brief.

[10] The law Uber cites for striking the Hotz Declaration on the basis that it was an improper attempt to circumvent page limits is misplaced. *See Intel Corp. v. Future Link Sys., LLC*, 2016 WL 6089746, at *15 (D. Del. Sept. 28, 2016) (striking dictionary definitions submitted with reply brief because they were "belatedly disclosed," not because it improperly circumvented any applicable space limit); *Monec Holding AG v. Motorola Mobility, Inc.*, 2014 WL 4402825, at *2 (D. Del. Sept. 5, 2014) (directing party to submit amended briefings where the brief "contains no legal analysis" at all).

The Honorable Gregory B. Williams
June 8, 2023
Page 6

                                          Respectfully,

                                          */s/ Jeremy A. Tigan*

                                          Jeremy A. Tigan (#5239)

JAT/lo
Attachments
cc:     Clerk of the Court (via hand delivery)
        All Counsel of Record (via CM/ECF and e-mail)