

June 10, 2023

VIA E-FILING
The Honorable Gregory B. Williams
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

Re: *SurgeTech, LLC v. Uber Technologies Inc.* **(C.A. No. 22-cv-882-GBW)**

Dear Judge Williams:

Uber Technologies, Inc. ("Uber") respectfully submits this reply in support of its Motion to Strike the Declaration of Dieter Hotz ("Hotz Declaration").

**SurgeTech violated the Local Rules**

There can be no question that SurgeTech "reserve[d] material for the reply brief which should have been included in a full and fair opening brief" in violation of D. Del. LR 7.1.3(c)(2). The general approach is to "disregard[] [such] newly-raised arguments." *Wilmot v. Marriott Hurghada Mgmt., Inc.*, No. CV 15-618-RGA-MPT, 2016 WL 2599092, at *4 (D. Del. May 5, 2016). SurgeTech cites irrelevant cases in which *exceptions* to this rule were made because of *new facts* not previously available to the movant. *See Wilmot,* 2016 WL 2599092, at *4; *Knights of Columbus Star of Sea Council 7297 v. City of Rehoboth Beach, Del*., 506 F. Supp. 3d 229, 234 n.4 (D. Del. 2020). As discussed below, that is not the case here.

SurgeTech is wrong that this District's "common" practice is to allow plaintiffs free rein to submit expert testimony in reply on any and all terms. D.I. 91 at 3. In SurgeTech's cited cases, the reply testimony was *limited* to responding to the defendant's expert testimony on specific terms. *See Pfizer Inc. v. Apotex Inc*., C.A. No. 18-795, D.I. 51, 49-58, 69-71 (D. Del. June 7, 2019); *Otsuka Pharm. Co., Ltd. v. Zenara Pharma Private Ltd*., C.A. No. 19-1938, D.I. 92, at 33-50 (D. Del. June 4, 2021); *Gentex Corp. v. Galvion Ltd*., C.A. No. 19-921-MN, D.I. 111, 8-11, 18-20 (D. Del. Jan. 27, 2021). This SurgeTech plainly did not do; again, Uber relies on its expert for a single term, and Uber does not object to Dr. Hotz's testimony responsive to Uber's expert.

**Dr. Hotz's means-plus-function analysis should be stricken.**

Dr. Hotz's analysis of the means-plus-function terms is in no way responsive to any "new" information or argument raised for the first time in Uber's brief. SurgeTech understood its obligation to identify proposed structures linked to the claimed function for *every* means-plus-function term, independent of any indefiniteness arguments raised by Uber based on the absence of corresponding structure. Indeed, SurgeTech cited this black-letter law in its opening brief. *See* Op. Br. at 16 (quoting *Budde v. Harley-Davidson*, 250 F.3d 1369, 1377 (Fed. Cir. 2001) for the proposition that the "patentee must 'clearly link or associate structure to the claimed function'"). As Uber's brief noted, SurgeTech simply failed to do so. Resp. Br. at 13–14.

In response, SurgeTech submitted Dr. Hotz's 110-page declaration, over 90 pages of which are directed to means-plus-function terms. But *not one sentence* of Dr. Hotz's analysis of the means-plus-function terms is responsive to Uber's brief. *See* Hotz Decl. ¶¶ 77–354. Indeed, in his means-plus-function analysis, Dr. Hotz cites Uber's brief a *single time*, simply to note that Uber has withdrawn its indefiniteness argument for one of the means-plus-function terms. *Id.* ¶ 338. Dr. Hotz's analysis is simply a belated attempt to cure the deficiencies in SurgeTech's opening brief.

That Uber argues that some of these means-plus-function terms are indefinite is irrelevant. For both definite and indefinite means-plus-function terms, the dispute is the same—whether SurgeTech's proposed structure is clearly linked to the claimed function—and SurgeTech was fully aware of this dispute in its opening brief. Moreover, Dr. Hotz's analysis is the same for both the definite and indefinite means-plus-function terms. For each term he opines that SurgeTech's proposed structure is linked to the claimed function. *Compare* Hotz Decl. ¶¶ 79–218 (indefinite means-plus-function terms) *with id.* ¶¶ 219–354 (definite means-plus-function terms). SurgeTech cites no law for the proposition that Uber's burden to prove indefiniteness absolves SurgeTech from its obligation to present its means-plus-function arguments in its opening brief. It does not.

There is no question that every word of Dr. Hotz's means-plus-function analysis could have—and should have—been presented with SurgeTech's opening brief. Accordingly, Dr. Hotz's mean-plus-function analysis should be stricken.

### Dr. Hotz's remaining analysis is not responsive to Uber's expert should be stricken

For the remaining indefinite term at issue ("adjusting a price…"), SurgeTech misrepresents the parties' meet and confers by stating that Uber provided "no details beyond the summary assertion that the claims were indefinite." D.I. 91 at 4. To the contrary, counsel for Uber explained Uber's position exactly: the claim is not clear whether it requires adjusting a price of a single item in a single channel, or multiple items in multiple channels. SurgeTech's feigned ignorance of Uber's position does not excuse SurgeTech's late expert declaration.

Nor does SurgeTech have an excuse for belatedly submitting expert testimony on non-indefinite terms. It is true that "the meaning of claim terms is through the eyes of a person of ordinary skill in the art" (D.I. 91 at 5), but SurgeTech knew that when it submitted its opening brief and when it should have submitted its expert testimony to support its constructions.

### Uber—and the Court—will be prejudiced absent striking the Hotz Declaration

That Uber will submit a sur-reply does not eliminate Uber's prejudice. As Uber explained, the word-count allocation for Uber's briefs is workable only if SurgeTech fully and fairly presented its arguments in its opening brief. Indeed, SurgeTech tacitly admits the prejudice to Uber by offering an additional week and another 1,000 words for Uber's sur-reply. D.I. 91 at 5. And SurgeTech offers not to object to an "appropriately responsive expert declaration" to remedy its circumvention of the word limit. *Id.* The solution for SurgeTech's gamesmanship is not to give the Court *less* time to read *more* words in the parties' briefs and declarations to prepare for the *Markman* hearing. Instead, SurgeTech's belated expert testimony should be stricken.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (via E-mail)